## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

GILBERT LAU                                        CIV. ACTION NO. 5:23-01809

VERSUS                                             JUDGE S. MAURICE HICKS, JR.

USA ET AL                                          MAG. JUDGE KAYLA D. MCCLUSKY

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion for service by the U.S. Marshals Service. [doc. #8]. The Court has previously granted Plaintiff Gilbert Lau's motion to proceed *in forma pauperis*, [doc. #3], making this case eligible for review pursuant to 28 U.S.C. § 1915(e)(2)(B).

For reasons assigned below, it is recommended that the case be DISMISSED WITH PREJUDICE, and Lau's motion for service be DENIED AS MOOT.

### Background

Plaintiff Gilbert Lau commenced the instant action on December 14, 2023. Complaint [doc. #1]. On January 18, 2024, he filed the controlling pleadings. Amended Complaint [doc. #5]. Plaintiff brings various claims ostensibly predicated on the Federal Tort Claims Act, 28 U.S.C. § 1346, against a litany of defendants, including the United States, the Social Security Administration ("the SSA"), Kilolo Kijakazi,[1] the Midtown Social Security Field Office (located in New York, New York), the Shreveport Social Security Field Office, the United States

---

[1] Plaintiff alleges that Kijakazi is the Acting Commissioner of the Social Security Administration. Amended Complaint [doc. #5, p. 2]. However, Kijakazi left that position on December 20, 2023. *SSA Commissioners: Kilolo Kijakazi*, SOCIAL SECURITY ADMINISTRATION, https://www.ssa.gov/history/kijakazi.html.

Department of the Treasury, and the United States Federal Reserve Board (collectively

"Defendants").  Amended Complaint [doc. #5, pp. 2-3].

The events putatively giving rise to the instant action began on May 3, 2023, when

Plaintiff was evicted from his residence in Bossier City, Louisiana.  *Id.* at p. 5.  Later that month,

on May 23, 2023, Plaintiff began renting at a new location in Bossier City.  *Id.*  Plaintiff relied

upon Social Security benefits to pay his rent. *Id.*  Specifically, Plaintiff alleges that he is entitled

to $801.00 in Social Security disability benefits and $224.00 in supplemental security income.

*Id.*  On an unspecified date, Plaintiff notified the SSA that he would like his benefits payments

deposited in new accounts as the accounts they were currently being deposited in were subject to

an overdraft debt.  *Id.*  However, the SSA continued to make direct deposits into the accounts

that were subject to the overdraft debt, resulting in collection of "two or three hundred dollars"

from every benefit payment by the financial institution hosting the accounts.  *Id.*  Plaintiff alleges

that as of June 3, 2023, he had "correctly exhausted his administrative remedies" regarding the

benefit deposits.  *Id.*  On the same day that he allegedly exhausted his administrative remedies,

Plaintiff "lost his house" in Bossier City.  *Id.*[2]

## Analysis

### I.    Legal Standard

Complaints filed by plaintiff's proceeding *in forma pauperis* are subject to review and

dismissal.  28 U.S.C. § 1915(e)(2)(B).  *Sua sponte* dismissal is appropriate if the court finds a

complaint (1) to be frivolous or malicious; (2) fails to state a claim on which relief may be

---

[2] The undersigned interprets these allegations to the be the operative facts in the instant case. However, Plaintiff makes numerous other allegations, including "Social Security is bankrupt" and has "no money and give [sic] Americans fake money not covered by gold and silver in Fort Knocks [sic] thanks to former President Woodrow Wilson . . . ."  *Id.*

granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *Id.* A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This standard empowers reviewing courts to dismiss claims not only "based on an indisputably meritless legal theory, but also . . . those claims whose factual contentions are clearly baseless." *Id.* at 327. Relatedly, to state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, . . . 'that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.[3]

## II.    Plaintiff's Claims

The undersigned reviews each of Plaintiff's claims in turn. His first cause of action is that "the cut-off period" is arbitrary, capricious, or otherwise contrary to law. Amended Complaint [doc. #5, p. 7]. The undersigned assumes Plaintiff is seeking review of agency action under 5 U.S.C. § 706(2). *See id.* (empowering courts to set aside agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law").[4] It is not clear from Plaintiff's pleadings what agency rule or regulation "the cut-off period" refers to.

---

[3] While the grounds for dismissal contemplated by 28 U.S.C. § 1915(e)(2)(B)(i) and (B)(ii) both implicate the factual underpinnings of a complaint, the latter "does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke*, 490 U.S. at 327.

[4] Courts will set aside agency action as arbitrary and capricious "if the agency relied on factors that Congress did not intend it to consider, failed to consider an important aspect of the problem, or offered an explanation counter to the evidence." *Fort Bend Cnty. v. United States Army Corps of Eng'rs*, 59 F.4th 180, 194 (5th Cir. 2023) (quoting *Amin v. Mayorkas*, 24 F.4th 383, 393 (5th Cir. 2022)).

This Court cannot determine whether a rule or regulation is arbitrary, capricious, or otherwise contrary to law if Plaintiff does not identify with specificity a rule or regulation for review. Furthermore, Plaintiff's allegations concerning why the unidentified "cut-off period" is unlawful are conclusory and thus fail to state a plausible factual predicate to support a claim. *See* Amended Complaint [doc. #5, p. 6] ("The cut period is based on or determined by individual preference or convenience rather than by necessity or the intrinsic nature of something by the United States Constitution of procedural and substantial due process of law."). Accordingly, Plaintiff's first cause of action is frivolous.

Plaintiff's second claim is predicated on "promulgation of the US Department of Treasury [sic], the US Federal Reverse of the Center Bank system [sic] and SSA's practice was to require Plaintiffs and others who are similarly situated to be affected in the interest of justice[,]" and constitutes agency action that is arbitrary, capricious, or contrary to law. *Id.* at p. 8. The undersigned assumes this to be another challenge to agency action under § 706(2). However, Plaintiff has not meaningfully identified what agency action he is putatively challenging. This renders it impossible for this Court to assess whether the complained-of action is unlawful. Accordingly, the claim is frivolous.

Plaintiff's next claim is for violation of his substantive due process rights under the Fifth Amendment arising from Defendants' "practice of threatening unfair policy of the cut-off period that threatens the safety and well-being of the having home or have a roof over his head." *Id.*[5]

---

[5] Substantive due process claims require courts to determine whether the alleged behavior of the defendant-official was sufficiently "abusive, irrational or malicious," *Morris v. Dearborne*, 181 F.3d 657, 668 (5th Cir. 1999), as to be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998). If this standard is met, the court then ascertains "whether there exist historical examples or recognition of the claimed liberty protection at some appropriate level of specificity." *Morris*,

As discussed above, it is unclear what "the cut-off period" is. Furthermore, Plaintiff's allegations that federal benefits checks were deposited into the incorrect bank account – while unfortunate – plainly does not rise to the level of abusive, irrational, or malicious conduct required to plead a substantive due process claim. Accordingly, Plaintiff's third cause of action is frivolous.

The fourth cause of action is predicated on alleged violations of the Fifth Amendment procedural due process rights of Plaintiff and "class members" arising from their property interests "in receiving SSI and SSDI benefits." Amended Complaint [doc. #5, p. 9].[6] As an initial matter, there are no allegations indicating that Plaintiff is a member of a putative class; the only factual allegations in the controlling pleadings concern Plaintiff's own hardships. Moving to the claim proper, Plaintiff appears to allege that his rights were violated when Defendants failed to inform him "of the no-fault presumption of the cut-off period." Amended Complaint [doc. #5, p. 9]. It is unclear what provision of law this refers to, so it is impossible for this Court to assess what liberty or property interest was implicated by the complained-of conduct and what procedures were associated with that conduct. Plaintiff makes further generalized allegations concerning how the Defendants violated his procedural due process rights. Although it is unclear exactly what conduct is being referred to in these allegations, it appears to the undersigned that Plaintiff is asserting Defendants are responsible for the loss of his house. *See id.* There are no factual allegations to support this assertion, nor does it appear to the undersigned that Plaintiff

---

181 F.3d at 668. This test prohibits only the most egregious official conduct and "will rarely come into play." *Jordan v. Fisher*, 823 F.3d 805, 812-13 (5th Cir. 2016).

[6] Procedural due process claims are subject to a two-part analysis. First, the court determines whether the plaintiff has a protected liberty or property interest. *Jordan*, 823 F.3d at 810 (citing *Wilkinson v. Austin*, 545 U.S. 209, 213 (2005)). Second, the court ascertains whether the state provided adequate procedures for the vindication of that interest. *Id.*

could plead a set of facts that plausibly establish Defendants' liability for his eviction. Accordingly, this claim is frivolous.

Plaintiff's fifth cause of action is for "Federal Gross Negligence" arising from Defendants' failure to "protect from direct deposit in the wrong bank account." *Id.* at p. 10. Similarly, his sixth cause of action is for "Federal Negligence" arising from "gross negligence in failing to protect from direct deposit in the wrong bank account." *Id.* at p. 11. Plaintiff does not point to any statutory or precedential basis for either of these theories of harm. Title 12, United States Code, Section 1821(k) is the only federal statute imposing liability for "gross negligence" of which the undersigned is aware. This provision allows for liability of "insured depository institutions" in civil actions by, on behalf of, or at the request of the Federal Deposit Insurance Corporation. *Id.* As there are no allegations that the instant action has been brought by, on behalf of, or at the request of that entity, § 1821(k) is not applicable here. These claims are thus predicated on a meritless theory of law. Accordingly, these causes of action are frivolous.

Plaintiff's final claim is for "Prima Facie Tort" predicated on Defendants "inflict[ing] harm upon [Plaintiff] without excuse or justification of disinterested malevolence." Amended Complaint [doc. #5, p. 12]. Plaintiff cites to no provision of law that supports this purported theory of harm. The undersigned is unaware of any federal cause of action arising from infliction of harm "without excuse or justification of disinterested malevolence." Accordingly, this claim is frivolous.

While all of Plaintiff's claims are frivolous as pleaded, *pro se* litigants "should be offered an opportunity to amend [their] complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, "[g]ranting leave to amend is not required . . . if the plaintiff has already pleaded 'his best case.'" *Id.* at 768 (quoting *Bazrowx v. Scott*, 136 F.3d

6

1053, 1054 (5th Cir. 1998)).  Plaintiff has already amended his complaint once.  Additionally, as described above, none of his claims have a sound basis in law or fact.  It would thus be futile to grant Plaintiff leave to amend his pleadings.

Accordingly, it is RECOMMENDED that this action be dismissed with prejudice.

### Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff Gilbert Lau's complaint be **DISMISSED WITH PREJUDICE, and his motion for service be DENIED AS MOOT.**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, on this 4th day of April, 2024.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

7